## WAGNER v GENTLE

Ohio Appeals, 9th Dist, Lorain Co

No. 625.   Decided Nov 14, 1932

R. H. Rice, Elyria, for plaintiff in error.

Newcomb, Newcomb & Nord, Cleveland, and Fauver & Fauver, Elyria, for defendant in error.

WASHBURN, J.

The important question of fact in the case was as to whether the accident was caused solely by the negligence of the driver of the McPhie car in turning to the left, or whether the negligence of plaintiff in error in the operation of his car either caused or proximately contributed to cause the accident, for the negligence of the driver of the McPhie car would not defeat the action of the Gentle girl, who was a guest in the McPhie car, unless it was the sole cause of the accident.

The Gentle girl in her petition charged that the plaintiff in error was negligent in driving his car at an excessive and rapid rate of speed and in violation of the statutes of Ohio, and in failing to keep a proper look-out ahead of his automobile and in failing to give any notice or warning of his approach, and in failing to keep his automobile under proper control or to operate the same so as to avoid striking the McPhie car and in failing to make a wider turn to the left so as to avoid hitting the McPhie car.

The plaintiff in error, in defense, claimed that the accident was caused solely by the carelessness and negligence of the driver of the McPhie car, and denied that the accident occurred as a result of any negligence or carelessness on the part of the plaintiff in error.

No claim was made in the answer that the Gentle girl was guilty of contributory negligence, and the evidence would not warrant any such claim.

One of the errors claimed is that the verdict of the jury that the plaintiff in error was negligent in the operation of his car, and that such negligence caused or proximately contributed to cause the accident, is manifestly against the weight of the evidence.

We hold against the plaintiff in error upon that contention.

It is also claimed that the court erred in its general charge to the jury in reference to the probative effect of evidence that plaintiff in error was driving his car in violation of the statutes of Ohio. The specific complaint is that the trial judge said to the jury that a finding that the defendant did violate the statutes "would not be negligence per se, that is, negligence in itself, but the statute says it would constitute prima facie liability, but this, of course, is not conclusive." At the close of the charge, after the court's attention had been called to the fact that the words "prima facie liability" had been so used by the court, the court corrected the charge by substituting the words "prima facie negligence" in the place of the words "prima facie liability," and again cautioned the jury that "this, of course, is not conclusive."

The court had reference to the statute which provides that its violation should be prima facie evidence of a speed greater than was reasonable and proper. We do

not approve of the court's using vague and uncertain and to some extent misleading language, instead of following the simple language of the statute, but whether, under the circumstances, the court committed prejudicial error, depends upon a consideration of all that was said in the charge upon that subject, and the facts shown by the record.

We find that the court, before argument, had charged, at the request of the plaintiff in error, that a violation of the statute "was prima facie evidence of a rate of speed that was greater than reasonable and proper" and that "no speed whatever was conclusive evidence of an unlawful speed. The speed statute requires automobile drivers to drive at a speed which is reasonable and proper under all the circumstances—but does not make any exact speed unlawful in and of itself."

We find also that in the general charge and preceding the language complained of, the court, after referring to the statutes, charged the jury as follows:

"It will be observed that the law provides that a rate of sped greater than twenty-five miles an hour in the municipal corporation shall be prima facie evidence. Prima facie evidence is evidence of such facts as in the judgment of the law are sufficient to establish the ultimate fact and if not rebutted remains sufficient for that purpose."

And in the next paragraph after such objectionable language, the court charged the jury as follows:

"It is a question of fact for your determination as to whether the defendant was driving at a speed greater than was reasonable and proper, having regard for the width, traffic, use and the general and usual rules of said street."

and after referring to another traffic regulation statute, the court said, "the violation of which, however, is not negligence in itself."

Thus it is seen that both before and after the use of said objectionable language in the charge, the court made it plain, not only in the general charge, but in the special requests given before argument, that the violation of the statutes in question was prima facie evidence of a speed that was greater than was reasonable and proper, but was not conclusive upon that question, and was not negligence in and of itself, and we do not think that the objectionable language referred to was at all likely to be considered by the jury as changing or modifying the specific principles of law set forth in the charge upon said subject, and upon a review of the whole record in the case, we are clearly of the opinion that it was not prejudicial error.

It is also claimed that the court erred in refusing to give defendant in error's special request No. 2, which reads as follows:

"One of the grounds of negligence charged against defendant in the petition is that he 'negligently failed to give any notice or warning of his approach.' I say to you that, since both the plaintiff and Miss McPhie have testified that they saw him approaching and realized that he was about to pass their car, he was not required to give any additional warning. Accordingly, this ground of negligence is withdrawn from your consideration and you are not to consider it."

We hold that that charge was properly refused, because it required the court to adopt a questionable construction of the evidence given by the Gentle girl and the driver of the McPhie car; as we read the record, we feel that it would have been unfair for the trial judge to so characterize said evidence and apply it as requested in said charge.

It is also claimed that the court erred in refusing to give plaintiff in error's special request No. 5, which reads as follows:

"In determining what he was required to do, the defendant has the right to assume that the driver of the car in which plaintiff was riding would obey the law of the road and would not turn or change her course without making sure that such turn or change of course could be made in safety and without giving signals of her intention to change her course in a way visible outside of her automobile. Defendant was required to use ordinary care, but he was not called upon to anticipate that the driver of the car ahead of him would violate the law of the road."

In reference to this request, it is to be noted that the sharply controverted issue of fact in the case was as to whether or not the driver of the McPhie car turned to the left just before the accident, and this charge, unqualified in any way, if given before argument, in a sense placed the court

in a position of taking sides upon that issue.. It assumes and reiterates the assumption that the driver of the McPhie car did turn to the left, and we think that to require the court to give such charge before argument it should have been so qualified as to at least recognize that the question of whether or not the McPhie car did turn to the left was a disputed question of fact. A request to charge before argument which is couched in such language as tends to give to one party an improper advantage, may be refused by the trial judge without being charged with error.

It appears in the record in this case that the trial judge sensed the situation as it appears to us, and that in his general charge, where it was made plain that the assumption in said request was a sharply contested issue of fact, the court did give said request, with some slight modification; and while it may be that that would not correct the error of not giving it before argument, if it was error not to do so, we hold in this case that, considering the language of the charge requested and all of the circumstances, the trial judge did not err in handling the matter as he did in this case.

It is also urged that the trial court should have granted a new trial upon the ground that the verdict was rendered under the influence of passion and prejudice and was grossly excessive.

We. find no evidence in the record of passion or prejudice, and we do find that there is evidence in the record, if believed, which would justify the amount of the verdict, and that therefore that ground of error is not well taken.

Lastly it is urged that there were irregularities in connection with the association of the Gentle girl and the driver of the McPhie car with women on the jury during the trial.

We do not deem it necessary to detail the meager facts which are shown in the record in reference to this matter. It is sufficient to say that we do not find that the record shows that there was such a situation as would justify the granting of a new trial upon this ground.

Finding no prejudicial error in the record, the judgment will be affirmed.

PARDEE, PJ, and FUNK, J, concur in judgment.